Filed 8/28/14  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073825 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00872) |
| v. | |
| KEVIN ODELL SMITH, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Kevin Odell Smith was charged with three felonies:  corporal injury to a spouse or cohabitant (count one; Pen. Code, § 273.5, subd. (a)),[1] making criminal threats (count two; § 422), and false imprisonment (count three; § 236).  The information also alleged a prior strike.[2]

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Defendant moved unsuccessfully before trial to dismiss the prior strike allegation.

1

At trial, Sacramento Police Officer Karl Chan testified that at approximately 2:00 a.m. on January 18, 2012, he responded to a dispatch of an alleged assault on a female by her boyfriend. Officer Chan drove to the intersection of La Mancha Way and Mack Road, where the alleged victim was waiting for help. The officer found L.W., who seemed scared, nervous, and, at times, hysterical, and took her statement as she sat in his patrol car.

L.W. told the officer that earlier in the evening she was at home a few blocks away, where she lived with defendant and his invalid mother and served as her in-home caretaker. Defendant found a cup of alcohol L.W. had attempted to hide, which angered him because she was supposed to stop drinking. He started to beat her, grabbing her by the throat, and slamming her against a wall several times. He pulled clothes out of the closet and threw them all over the room. He dragged L.W. to the bathroom, where he tried to fill the bathtub with water, using a Listerine cap to block the drain cover. He put her head down into the water, apparently trying to drown her while saying, "Bitch, I'll kill you," but the water kept draining out of the tub. She was able to push off from the bathtub and escape, then run out of the house, after which she called 911. Officer Chan observed that L.W.'s sleeves were wet. According to L.W., defendant had never been violent with her before.

When L.W. complained of feeling light-headed, Officer Chan inspected her for injuries and saw a small bruise on the right side of her neck. She did not mention any other injuries, and he did not see any.

As Officer Chan drove toward defendant's house with L.W. in the backseat, the officer saw a bald African-American male wearing a black jacket with Nascar patches walking down the street in the opposite direction. L.W. screamed and ducked down in her seat, saying that was her boyfriend. The officer turned left onto a street near the house, told L.W. to run home, and tried to contact the male. Seeing the male walking on

2

the other side of a chain link fence near a canal, the officer called to him; he jumped into the canal. The suspect was not located that evening.

The People presented the preliminary hearing testimony of L.W., who was unavailable at trial. At the preliminary hearing, L.W. recanted her previous story and claimed she was so drunk on the night of January 18, 2012, that she did not remember having talked to the police. She remembered an argument with defendant that began when he found her hidden alcohol, but denied that it led to violence by defendant against her; he had never been violent toward her. He did not throw clothes around the room; it was already messy. She left the house because she was drunk, then called 911 to get an ambulance because she was having trouble breathing. She did not recall going to her mother's house after the interview with Officer Chan and being photographed there. She did not remember how she got the marks on her shown in the photographs.

Defendant testified that he came home from work out of town at approximately 9:00 p.m. on January 18, 2012, and noticed that his mother seemed not to have been fed. After he asked L.W. if his mother had eaten and she said yes, he started to suspect that L.W. had been drinking. He found a hidden cup of alcohol in the bedroom, but she still denied drinking. They had a conversation about this topic which lasted for about two hours, until around midnight. Finally, he asked her repeatedly to leave the house because he could not trust her with his mother; she repeatedly refused. He threw clothes on the floor to try to get her to go. He did not assault her or threaten her. Then he tried to leave; she tried to stop him, grabbing his arm and saying they could work it out. He broke free, left the house, got into his truck, and stayed the rest of the night in the truck, parked around the corner.

The jury convicted defendant on count one (inflicting corporal injury on a cohabitant) and of the lesser included offense of misdemeanor false imprisonment on count three. The jury acquitted defendant on count two. Defendant thereafter admitted his prior strike.

3

The trial court sentenced defendant to a state prison term of four years (two years, the low term, on count one, doubled for the strike, with a 60-day concurrent sentence on count three). The court awarded defendant 172 days of presentence custody credits (86 actual days and 86 conduct days).

The trial court orally imposed a $240 probation restitution fine, a suspended $240 parole revocation restitution fine in the same amount, along with a $30 criminal conviction assessment (Gov. Code, § 70373) and a $40 court facility assessment (§ 1465.8) for each of the two counts of which defendant was convicted.

The original abstract of judgment erroneously noted a probation restitution fine was now due, because probation had by then been revoked. It did not mention the orally imposed parole revocation fine. It also gave the amount of the Government Code section 70373 assessment as $30 and the amount of the section 1465.8 assessment as $40.

Defendant filed a motion in the trial court to correct the abstract of judgment by deleting the purported probation restitution fine. He also asserted correctly the parole revocation fine orally imposed by the court, but not shown in the abstract, was erroneous.[3] However, defendant did not mention the erroneously low assessments under Government Code section 70373 and section 1465.8.

The trial court directed the preparation of a corrected abstract of judgment which deleted the probation revocation fine and did not purport to impose a parole revocation fine.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

---

[3]    Defendant did not give the correct reason why this was so. He referred vaguely to unspecified "recent case law [which] indicates that there is no statutory basis to impose the fine." In fact, a parole revocation fine (§ 1202.45) was not an option here because defendant's sentence does not subject him to a period of parole after the completion of his term. (Cf. § 3000.08, subds. (a), (b).)

4

determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, with directions to prepare a new abstract of judgment which shows the correct amounts of the assessments under Government Code section 70373 and section 1465.8 -- $60 and $80, respectively -- and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

DISPOSITION

Defendant's convictions and sentence are affirmed. The matter is remanded to the trial court with directions to prepare an amended abstract of judgment as indicated above.

NICHOLSON          , J.

We concur:

RAYE          , P. J.

HOCH          , J.

5